Incorporated, a client by the call, Steve Nardini. Mr. Nardini. Please, yes. Good morning. Good morning. Good morning, counsel. If it may please the court, I am a before year, before year justices on this appeal for my primary reason is to, in essence, try to undo something that I felt was done wrong at the trial level. What brings a divorce lawyer interested in a foreclosure case and impassioned about it is what I'm about to talk about. What I'm impassioned about, this isn't the case of robo-signing, as we all heard about, but it is something that I call robo-amnesia when it comes to services summons, meaning that what the bank did in this case is it relied on an affidavit from its process server and on that reliance it disregarded, or I should say forgot whether it was purposeful or by accident and disregarded a number of things. For example, the bank disregarded the fact that it was already in litigation with the owner of the appellant on a number of ancillary real estate foreclosure actions that started before this clause had commenced and were still ongoing when this clause were commenced. They disregarded that their attorney on all those actions was the attorney on this action. The attorney for the appellant on all those actions was the attorney for the appellant in this action. We have all the same parties, same lawyers, and in fact, the same process server, and in all those actions they perfected service on Mr. Gentile's, the owner of USMDS, the appellant, and other entities that he owned. They disregarded that. They disregarded that not only did they know where Mr. Gentile resided as the owner of the appellant, they knew where his office was, and in fact, the bank even knew and had a receiver appointed for the office building of USMDS. It was they that caused the appointment of that receiver on one of the ancillary actions. So they disregarded all this knowledge and simply imputed upon themselves only the knowledge that was in the affidavit of a process server, same process server that had served Mr. Gentile at his house just 90 days before this action had commenced on an ancillary action. And they put all this information aside, and what they said is, well, we'll just substitute service somehow. We're going to disregard everything we know. We're going to supplant that with ignorance, and we're going to try to substitute serve him, and we're going to do it without leave of court, and we're just going to do it. Now, USMDS, the appellant eventually got wind of the suit. His attorney on all those ancillary cases was Mitchell Jones, and the bank's lawyer did inform Mitchell Jones on or about the time that the house was going up for share sale that, oh, by the way, all these ancillary actions are just fine, but there's this action that we've already defaulted your client on some time ago, and Will County thought you should know. Mr. Jones then went to the court and raised this as an issue, brought to the court's attention that there were all these ancillary actions. They could have obviously given him notice as an agent, and what the court did there is said, well, they filed this form with the Secretary of State. Motion denied. I come into the picture to reconsider. I think that there was more than that that the lower court should have done. They should have required that the bank provide proof of due inquiry, which based on what I've just told you, they would never have been able to satisfy. They knew exactly where Mr. Gentile, the owner of USMDS, was and where the offices of USMDS was, but the lower court didn't do that. They just accepted on its face a form that was filed with the Secretary of State and didn't even satisfy the statute, which then also provides that even if you could file that form as a form of substituted service, you still have to mail it to somebody. In this case, like I noted, the bank knew where to mail it, but they held it back. Mr. Gentile and his company never get notice. Default was entered. Judgment of foreclosure and sale was entered and sold. And then that brings us here. I need to undo that. He wants his right to redeem that property. He's involved in litigation with this bank on a number of properties. Some of them, in most cases, have been dismissed. They're favorable to him. There's underlying issues which are not germane to today's proceeding, so we don't need to discuss it, but he'd like his right to litigate and do so in good faith. So technically, why am I here? It's because the lower court did err. The lower court didn't shift the burden when it should have. When Mr. Gentile and his company came forward contesting jurisdiction because it didn't have notice of suit, the court should have shifted the burden. All the case law says that. To the bank, and the bank had to provide a counter-affidavit or something sworn to that said, no, we did everything properly. Here's how we did it. They never did that. The judge didn't ask for it, they didn't provide it, and the judge still filed in favor of the bank, and I think that's an error. It's a technical error, but it's important in this case because it didn't provide a party to notice that their property was subject to foreclosure. One of the cornerstones of our system is notice of suit. If this court allows that trial finding in order to stand, it cuts against that. I think USMDS was entitled to notice of suit. I think they were entitled to process and be involved in the process. The bank shouldn't be rewarded for imputed ignorance, meaning disregarding everything it knew about where to find the company, the company's owner, the company's lawyer, and just simply disregard it and substitute it for an affidavit, a false affidavit by the same process server that had served other actions just days before this action had been initiated in Will County. It is basically an attempt to usurp our system and its processes, the most basic of processes, service of summons. I'm asking that this court find that the judgment of foreclosure and sale is void at initial, set aside the sale at the shares auction and remand for further proceedings. Questions? No, thank you. Thank you, Mr. Roddy. Mr. O'Boyne. Yes, sir. Good morning, Your Honors. May it please the Court. Good morning, Counsel. Your Honors, if I seem a little fidgety, I apologize. I had foot surgery recently. I'm in a shoe. I was in the emergency room the other night. I injured my back, so I'm a little off today. So forgive me if I seem a little fidgety at the microphone here. What I can tell you is this. Counsel tells a story that's not necessarily factual-based and kind of leaves out a lot of facts about what went on in this case. And I think that's what we need to look at here. We filed a foreclosure in February of 2011 in this case. We attempted service with a registered agent. The main defendant in this case is a corporation, USMDS, Inc. When you search on the Secretary of State website, there's a registered agent and there's an address for the registered agent. And also on the same Secretary of State website, it tells you that the corporation was dissolved many months prior to us filing that lawsuit. There was other litigation going on between the parties? There was other litigation going on between the parties. What happened? Is that different offices, so they're not talking to each other? Well, it's not necessarily that they're different offices, Your Honor. It's that Mr. Gentile wasn't named party in that suit, in the other suits. He wasn't named an individual in this suit. So if we had to serve him personally in those suits, it was just as easy to leave it with him as well for the corporation. That's not necessarily the right address for the corporation, serving him at his house, but just because we had him to serve personally, it was just as easier to serve him for the corporation there. We don't know what the registered agent office is for the corporation. It's never been identified. In the normal course of business, a corporation, if they were to change their registration office, they would submit the necessary documentation with the Secretary of State, changing that address. The reason I'm asking these questions is here we don't have a situation where this is the thing you did some due diligence, you looked at the Secretary of State's records, you get a process serving your service. But here you've got litigation going on with like-minded parties, including yourself. And this litigation is going on about some different property ownership issues. And in the meantime, this guy is being defaulted over here with the right hand and the left hand. It was completely different properties. They weren't the same properties. They weren't the same ownership of the same properties. Different ownership, different guarantees, different loans, different deals. This was a house in particular that he seemed to hold in a corporation name. But we filed the Business Corporation Act, which is what it says, which allows us to serve the Secretary of State when you can't find the registered agent. He didn't submit a new address. Is it enough to say that the registered agent's address is now his home? I don't know that that's the case. There's no case law that says because you know where he lives, you go serve him at his house. They need to set up an address for the registered agent. They didn't do that in this case. They didn't file anything. No. They let the corporation go defunct, actually, is what they did. So we were serving basically a nonentity. We were serving a nonentity is what we were, in essence, doing. So we went to the Secretary of State. We searched their records. We found this address. The processor visited this address. The individuals at the address said, Oh, it's been four months. I don't even know who those people are. They haven't been here. I don't know where they are. I can't find them. Good luck. So the processor attempted to find a registered agent address with the Secretary of State, and whatever due diligence they did, couldn't find one. So the statute, the Business Corporations Act, Section 5.25a and b, in particular, say that if you can't find one, you can serve the Secretary. If you can't find one, and not one is listed, and the fact that they're defunct, they're no longer a valid corporation, you can serve the Secretary of State for service, which is what we did. Trial court held that that was a valid service. But Mr. Gentile, he was the agent, right, for the corporation? Yes. And so when, I guess there's two questions. First, when the process server went out there and asked, you know, these tenants are gone, he asked about the owner, he asked about Mr. Gentile. Best I know, he asked if they knew. Well, no, I don't know that he did because the people who were there specifically told the process server we don't even know who he is. But this process server had served him personally before. That's not on the record that that's the case, no. That this individual process server, there's nothing on the record saying that this individual process server served him in other matters, no. Because he's all over the place. And would you say that as a matter of due inquiry, that if you have the registered agent, the name that you should do, you should do something to find where that individual is? Well, but I'm not sure that the Business Corporation actually requires us to do that. I mean, the act is clear. If you've attempted to find a registered agent address. Well, it says that you have to use due inquiry before you can go and publish through the Secretary of State through the publication process. So I'm asking you, do you think that that's part of due inquiry? Well, due inquiry to find a registered agent address. Would it be someone's home? I mean, typically not. It's the registered agent where that person is, right? Because a registered agent is a person. And it so turns out that we've learned that he was conducting business at a completely different address, not his home, but a business that he runs in DuPage County. After the fact, we don't know that. That's where he's conducting his business. That's a commercial property that he has. That's where he has rental income coming in and out of there. So that's where he's conducting business. Not out of his house, but not out of an address in DuPage County. So, I mean, part of the problem is this is just spread throughout the counties. We're in Will, we're in DuPage, we're in Cook County. They're all over the place, these properties. There's different process servers involved. You're right, we chose. But not only did we choose to serve via Business Corporations Act, we chose to serve by publication as well. So we covered two facets of service. It wasn't as if we're taking a deficiency judgment against them. That wasn't the ultimate goal in this case. The ultimate goal was to finish the foreclosure and proceed against the corporation. He wasn't a guarantor. He wasn't named in this case. He's not a party to this case. Only the corporation and the condo association, I believe, was the other party to this case. But the key is, I think, is that none of these issues were raised in the trial court. This is all new now. The fact that counsel is standing here saying, well, you know, they should have done more diligence as far as the Business Corporation Act is concerned and finding him as the registration, none of that was raised in the lower court. They came in on a motion to vacate. That was denied. And that was under 1301G. I think that in and of itself, and that's the thing that this court can certainly hang its hat on, is he submitted to jurisdiction. What's the difference if we didn't serve him, if we didn't make that effort to go do due diligence, et cetera? They came in. They submitted to jurisdiction of the court. Right in the record, the attorney, and it wasn't this attorney, it was a different attorney, said, we filed this motion under 1301G, attacking publication. We weren't attacking quashing service. They were attacking service by publication. They submitted to jurisdiction. That's what the law says. 301 is very clear. You need to file a petition to quash service if that's as your first pleading in this case, if it's not an extension to answer otherwise plead. They came in on a 1301 petition. Plain and simple. They submitted to the jurisdiction of the court. I don't know how we can be any clearer on that. And then the next petition that they filed, the motion to reconsider, same thing. They've now submitted to jurisdiction twice before they even raised this issue about quashing service. This is after the House was sold? No, it was not after the House was sold. They came in to stop the sale of the House on their initial petition to vacate the judgment. That was denied, and we were able to go to sale. So they submitted to jurisdiction. We then went to approve the sale, and we gave them notice of the motion to approve at that point. And they came in and contested that. They filed a motion to reconsider. They objected to entering the order approving sale. The judge considered everything at once. And, again, held that service was valid via Business Corporation Act, and what was their petition that they filed? That was a 1301G, their initial petition. You can challenge jurisdiction in seeking other relief. Didn't they do that in their motion to dismiss the foreclosure action or to vacate the judgment? Didn't they include a challenge to jurisdiction there? They questioned publication. When we had a court holding that service was proper via the Business Corporation Act. So we had a court saying service was proper. They didn't attack that. They didn't move to quash that. They were moving. And I think 1301 is different. It is just a challenge on when a final judgment is entered that, again, the defendant has been served by publication and that they're seeking to attack that publication. That's not what the court said. The court never even addressed the issue of publication or whether service was valid by publication. The court was very clear and said the Business Corporation Act. That's how you served them. We found you did what you had to do. Not until the reply brief in this appeal did they finally address that issue. Waiver. They waived that issue. You can't now come to this court. If that was an issue in the trial court, they should have raised it. Did we have an opportunity to respond to it? Did we have an opportunity to present evidence showing that we followed the business corporation? No, none of that because it was never raised. And therefore, you waive that argument if you don't raise that. We firmly believe that they submitted to the jurisdiction of this court. And this appeal must be denied. It's not proper. They didn't move to quash service in their initial pleading. That's what they should have done. That's what the statute provides for. They simply came in and tried to vacate the judgment, attacking the publication. When the judge was very clear and said, you were served by the Business Corporation Act. Both Judge Egan, who addressed the initial motion, and then the foreclosure judge in Willow County, Judge Siegel, addressed the next issue. They both held the same thing and wouldn't even hear anything more. And they kept talking about publication. And then both judges said, why are you talking about publication? That's not even an issue here. Nothing in either pleading addressed the Business Corporation Act. By that virtue, it's waived. You can now come in and file a new reply brief in support of this appeal. And on the other hand, they submitted to the jurisdiction. It's too late. You can't now come in and wave the red flag and say, you didn't serve us, you didn't serve us. We're attacking it. It wasn't good service. But you submitted. You came in. You came in to fight the order-approving session. Judgment was prior to their notice, right? And you've got a judgment here. And then telephone him or whatever. I mean, is that submitting to jurisdiction because he finds out through a banker that he's already got a judgment against him and they're going to sell the property? Yeah, but it's not a final judgment. That judgment is attackable. They can at any time come in and move to it. No, I understand that. Yeah. The judgment is already had. I agree. No, the judgment was under. We obtained service. The time period to answer ran. We moved for judgment. Notice was sent to the address that was a record of the registered agent that we had. There were two addresses listed on the Secretary of State websites. Both of them were no good. They just, you know, if he was so concerned, if you're a business owner and you're so concerned about notice and making sure the world knows where your business is located and where you're operating out of, it seems to me you would have notified the Secretary of State and said, hey, we've moved. Here's our new address, instead of, you know, hiding behind that and just leaving it at some address. And that doesn't exist that you moved from months and months prior to. You know, if you're concerned about, you know, getting notice because there's other issues too. Someone should slip and fall. Who knows what the gamut of things that could arise where lawsuits could rise against you once you want to know about those lawsuits. I mean, he didn't do that. He didn't even renew. The company was dissolved. We're talking about a non-entity before this court as well, which is to me problematic and troublesome. It doesn't exist. And to this day, they never even paid the fee. If that's all it was and they were kind of callous in their brief and said, oh, we just didn't pay the fee and filed the requisite pleadings, why didn't they do that? Why didn't you pay the fee? Why didn't you reinstate the corporation? Hiding behind a defunct corporation that doesn't exist. So what are we giving credence to in this courtroom? A corporation that doesn't exist? You know. Thank you. I understand what you said about these are different counties and different process servers, but doesn't the bank have one central file? And I understand that these are different parties, but you would have, you know, a financial statement, presumably, that should cover the individual being a guarantor, perhaps personally in some instances, and, you know, as an officer of a corporation. Were those records, I mean, in the process of filing the foreclosure, is that something that they would turn to to try and make contact with people that they've made loans to that are now in default on those loans? Well, yes and no. And the reason I couched that answer is, I mean, if you look at the note in this case, which is in our brief, the note here clearly has the USMDS, and it has the 2100 West 32nd Street address. So that's what's on the note. I mean, this note isn't that old. It's unreasonable to think that that was the address where it was located. That's the address of the registered agent. That's where they were at the time they were operating. We made the loan to them. We looked at the loan documents. And, lo and behold, he's not there. Serving them at the property didn't make any sense either because, as it's been told, he doesn't live at the property. It's a rental property that maybe his son or some family, I don't know who lives there. So that wouldn't have been valid service because that's not his home either. So we had different addresses here. Even another one listed on the Secretary of State website, none of which were valid addresses. So, I mean, we have a bunch of different loans, a bunch of different mortgages and notes. Addresses are all over the place. Some of them he's gone. Some of them have been lost in foreclosure. Some of them don't exist anymore. And that's the case here. I mean, the process server, God bless you. The process server has these documents, has the addresses. I'm not saying that it's the process server's responsibility, but the bank, its counsel. I mean, I know that that kind of work. I mean, it was our responsibility to find the people who owed you because a corporation isn't a person. At the end of the day, you've got to have a body that is going to be responsible and come forward. In this case, there wasn't. There was no body responsible in this case. It was just the corporation. They were the signer of the note. They were the maker of the mortgage. There was no guarantor. Mr. Gentile wasn't listed as a defendant. Had he been, he would have been in his capacity of a guarantor. So what else did we have other than the borrower, who was the corporation? I thank you all very much for your time. I respectfully ask that this appeal be denied based on the arguments put forth in court. Thank you all very much. Thank you, Mr. Olson. I hope you're feeling better. What's that? I said I hope you're feeling better. I have to drive back home. It wasn't fun driving here. Mr. Rodini, any rebuttal? If I may briefly. So there you have it. You've got another attempt at let's just look at one document and disregard everything that we know. Let's look at the mortgage. Look at the address on the mortgage. Let's not look at the invoices we sent to Mr. Gentile at his house and at his new office. Let's not look at our receiver, the bank's receiver appointed for his office building when the suit was commenced. They could have served their own receiver, which would have gotten notice to Mr. Gentile. Let's don't look at those things. Just look at the mortgage now. Let's just look at that one thing and just disregard. Let's do the robo-ignorance thing where we just won't pay attention to anything else. What about the waiver of jurisdiction? The waiver of jurisdiction is a flawed argument, and here's why. There is nothing that was presented in the lower court by USMDS that did anything other than contest service. Now, was the title of the motion a motion to quash? No. But if you read the motion, that's all it asks for. But under the procedural sections, when you file that kind of motion, you waive an attack on the other kind of service. Isn't that right? I don't believe that is right. I believe if you file a motion that's contesting service, it's a motion contesting service. You can't construe it something differently. You filed a motion contesting publication. Correct. It was filed by Mitchell Jones. How does that become a motion attacking service of profit? Because what it did is it moved to vacate the default against USMDS. Well, that's the ultimate conclusion. If you have improper service on the publication, then you get rid of the default. Correct. The section says that any motion other than this is not a motion attacking service of profit. Correct. Other than a motion to quash. Other than the technical title of the motion being something it shouldn't have been. He's not asking for any other relief. The crux of that statute is... Where's the mention of voiding the service of process anywhere in the motion that was filed? It's located in the motion in and of itself. It makes mention of these ancillary cases. They could have given us notice. Where does it say the service of process was improper? Anywhere in the motion. It's a motion on the publication, isn't it? It is. It is a motion on the publication. And I'm not aware of any case law that turns that into a motion on the service of process. There was no motion on the service of process. That's just it. There was no service upon Mr. Gentile as an agent or officer of the corporation. It never did happen. And that's why I'm asking the question about waiver. Because waiver is not something they do. Waiver is something you've done. Correct. I'm saying you because you're a client. But their argument is if we're only arguing on the publication, then somehow the service of process becomes alive when it never did actually happen. The only service that they're claiming they did isn't on the person. Publication, which was invalid because they never did do inquiry, and by recording something or filing something on the Secretary of State's website without the mandatory letter to someone that should get notice of service. So they failed on both avenues. This issue that it wasn't brought up at the lower court level, I was there. That's all we argued was this issue of the Secretary of State filing as being inadequate. Their response brief in my reply highlights the fact that they completely leave out to this court the subsection of that statute that says, sure, you can file with the Secretary of State, but then you also have to mail it to somebody. And you have to mail it to somebody that is ensuring that the actual defendant gets notice of suit. And they had all that information. They could have mailed, after they filed it with the Secretary of State, they could have mailed it to Mr. Gentile. They knew where he lived. They knew where his office was in Dallas Grove. They had a receiver appointed there. In essence, you don't, if you look at the record, you don't serve a corporation by trying to find a corporation. Justice is correct. You serve a corporation by serving a person, the officer, the owner, which is all the same person. How do you know what person? How do you know what person to serve? They're the registered agent, aren't they? Isn't the person the registered agent? It could be the registered agent. It's not preclusive as being also an officer or an owner of the company. Okay, and they have listed registered agents, right? That's correct, but the statute says that you have to serve the registered agent or any officer or agent of the corporation found anywhere in the state, not found only at the registered office on the Secretary of State website. And counsel is inaccurate. This is an act of corporation. I understand counsel wasn't there at the lower court proceedings, but this is an act of corporation, active in litigation with these lawyers, with this bank preceding this case. The ultimate goal here isn't just a foreclosure. We're not looking for deficiency of judgment. No. The goal here for the bank is to get leverage. And they found if you put yourself in a dark room, and this is how I think about this case, and say, how do we take this house and not give Mr. Gentile notice? And you actually planned it that way. This is how you would do it. But it fails. The due inquiry analysis fails on its face. And why does it fail on its face? Because they had all the information where to find him. They knew where his office was. They knew where his home was. I subpoenaed for the bank's officer to show up at the hearing to set aside the sale. They didn't produce the bank's officer. If you look at Mr. Gentile's affidavit on my motion to reconsider, they were friends. This officer had been to Mr. Gentile's home, provided the financing for Mr. Gentile's home. They knew where he was. I'm asking that this court find the judgment void. Thank you, Mr. Nardini, and thank you. Thank you. We will take this matter under advisement, get back to you with a written disposition. Now we'll take a short recess.